## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) KRLIN MANUFACTURING GROUP, LLC,** an Oklahoma limited liability company, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| **vs.** | ) **Case No.:  17-cv-506-GKF-mjx** |
| | ) |
| **(1) EAC REACTORS, INC.,** a Wyoming Corporation, **(2) ENVIRACARBON, INC.,** a Wyoming Corporation, and **(3) ENVIRAPAC MONTICELLO, LLC**, a Wyoming limited liability company, | ) ) ) ) ) ) |
| **Defendant.** | ) ) |

## COMPLAINT

COMES NOW the Plaintiff, Krlin Manufacturing Group, LLC ("KMG") and for its cause of action against Defendants EAC Reactors, Inc. ("EAC"), Enviracarbon, Inc. ("Enviracarbon"), and EnviraPAC Monticello, LLC ("EnviraPAC") alleges and states as follows:

### I.

### Parties, Jurisdiction, and Venue

1.     KMG is a Limited Liability Company, organized and existing under the laws of the State of Oklahoma, with its principal place of business in Drumright, Oklahoma.

2.     EAC Reactors, Inc. is a Wyoming Corporation, with its principal place of business in Kingsport, Tennessee.

3.      Enviracarbon, Inc. is a Wyoming Corporation, with its principal place of business in Kingsport, Tennessee.

4.      EnviraPAC Monticello, LLC is a Wyoming limited liability company, with its principal place of business in Daytona Beach Shores, Florida.

5.      This case involves an amount in controversy that exceeds the sum of $75,000.00, exclusive of interest and costs.

6.      A substantial part of the facts giving rise to this case occurred in this judicial district.

7.      This Court has subject-matter jurisdiction under 28 U.S.C. §1332(a)(1) based on diversity of the parties, and venue is proper under 28 U.S.C. §1391(b) and (c).

## II.

## General Statement of Facts

8.      KMG realleges and adopts by reference the allegations in Paragraphs 1-6 of this Complaint, and alleges further as follows.

9.      KMG is a steel fabricator and regularly enters into purchase orders to supply products to customers such as EAC, Enviracarbon, and EnviraPAC.

10.     Upon information and belief, EAC, Enviracarbon, and EnviraPAC are alter egos and share common officers.

11.     Upon information and belief, EAC and Enviracarbon share the same principal office address in Kingsport, Tennessee.

12.     Upon information and belief, EAC and EnviraPAC share the same mailing address in Daytona Beach Shores, Florida.

13.     On July 29, 2016, EAC sent Purchase Order Number PO-00045 to KMG for a Carbonizer Combustion Chamber with an estimated cost of $50,228.78.

14.     On July 29, 2016, EAC sent Purchase Order Number PO-00046 to KMG for an Activator Outlet Assembly with an estimated cost of $125,730.00.

15.     The Purchase Orders were placed by Eric Hobbs, Regional Director of Facility Operations for Enviracarbon for delivery to the Monticello, Arkansas facility.

16.     Upon information and belief, EAC and Enviracarbon were engaged in a joint venture with regard to the Monticello, Arkansas facility and acted together in ordering the Carbonizer Combuster and Activator Outlet Assembly from KMG.

17.     KMG fabricated the requested Activator Outlet Assembly and Carbonizer Combuster and invoiced EAC.

18.     The first invoice for the Activator Outlet Assembly in the amount of $37,719.00 was sent to EAC on August 1, 2016 and was paid on August 2, 2016.

19.     The first invoice for the Carbonizer Combuster in the amount of $15,068.64 was sent to EAC on August 1, 2016 and was paid on August 2, 2016.

20.     The remaining invoices sent to EAC for the Activator Outlet Assembly totaling $97,889.67 were sent between September 1, 2016 and November 18, 2016 and remain unpaid.

21.     The remaining invoices sent to EAC for the Carbonizer Combuster in the amount of $35,160.14 were sent between September 1, 2016 and October 27, 2016 and remain unpaid.

22.     The complete order was shipped and delivered to EnviraPAC in Monticello Arkansas.

23.   In a letter dated February 7, 2017, EAC has acknowledged and agreed to pay the past due invoices totaling $133,049.81.

### III.

### Claims for Relief

### Count One—Breach of Contract
### (EAC Reactors, Inc. and Enviracarbon, Inc.)

24.   KMG realleges and adopts by reference the allegations of Paragraphs 1-23, above, and alleges further as follows.

25.   EAC and Enviracarbon entered into a contract with KMG in which KMG agreed to provide products and services in exchange for payment.

26.   Despite Plaintiff's full performance under the contract and demand upon EAC and Enviracarbon for payment of the balance due thereon, said Defendants have wholly failed, neglected and refused to pay the balance due Plaintiff for work performed pursuant to the contract.  The balance due Plaintiff under the contract is $133,049.81.

27.   Defendants' unjustified withholding of payment due under the contract constitutes a breach of the contract with Plaintiff by reason of which Plaintiff has been damaged in the amount of $133,049.81, together with interest, attorney fees and costs.

### Count Two—Unjust Enrichment
### (EAC Reactors, Inc. and Enviracarbon, Inc.)

28.   KMG realleges and incorporates by reference the allegations of Paragraphs 1 through 27, above, and alleges further as follows.

29.   In the alternative, KMG alleges that EAC Reactors, Inc. and Enviracarbon, Inc. have been unjustly enriched by the materials provided and work performed by

Plaintiff, for which Plaintiff has not been paid.  Defendants have knowingly accepted the benefit of the materials and labor provided by Plaintiff and will be unfairly benefited by receiving these materials and labor if no compensation is paid to Plaintiff.

### Count Three – Unjust Enrichment
### (EnviraPAC Monticello, LLC)

30.    KMG realleges and incorporates by reference the allegations of Paragraphs 1 through 29, above, and alleges further as follows.

31.    EnviraPAC has been unjustly enriched by the materials provided and work performed by Plaintiff, for which Plaintiff has not been paid.  Defendant has knowingly accepted the benefit of the materials and labor provided by Plaintiff and will be unfairly benefited by receiving these materials and labor if no compensation is paid to Plaintiff.

WHEREFORE, premises considered, KMG prays for judgment against Defendants, and each of them, in the principal amount of $133,049.81, with prejudgment and post judgment interest, court costs, an attorney fee if allowed by law, and such other and further relief as to which it may be entitled.

Respectfully submitted,

BARBER & BARTZ, P.C.


s/Adrienne N. Cash
Robert J. Bartz, OBA #280
rbartz@barberbartz.com
Joe M. Fears, OBA #2850
jfears@barberbartz.com
Adrienne N. Cash, OBA # 20038
acash@barberbartz.com
525 South Main Street, Suite 800
Tulsa, Oklahoma  74103-4511
Phone (918) 599-7755
Fax (918) 599-7756
***ATTORNEYS  FOR  KRLIN  MANUFACTURING GROUP, LLC***

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED